J. F. HAMILTON v. L. G. JOHNSON ET AL.

[FILED SEPTEMBER 15, 1891.]

1. Attachment: MOTION TO DISSOLVE: PRACTICE. While on a
   motion to dissolve an attachment the merits of a cause of action
   cannot be questioned, yet this rule will not prevent the defend-
   ant on such motion from stating any pertinent fact to explain
   the transaction out of which the suit arose, even if in doing so
   he makes it appear that the sum claimed is too large.

2. The evidence in the case fails to show any cause for an attach-
   ment.

ERROR to the district court for Douglas county. Tried
below before CLARKSON, J.

*V. O. Strickler*, for plaintiff in error.

*Schomp & Corson, contra.*

MAXWELL, J.

This action was brought in the court below to recover
the sum of $210.52 for meat furnished the defendants while
keeping a restaurant in the city of Omaha. The defend-
ants are husband and wife. An attachment was issued in
said cause and levied upon the property of the wife. The
grounds of the attachment are that " the said defendant, L.
G. Johnson, is about to convert her property into money
for the purpose of placing it beyond the reach of her cred-
itors, and that she has property which she conceals, and
that she has disposed of her property, and is about to dis-
pose of her property, with the intent of defrauding her cred-
itors; and that the debt was fraudulently contracted; and
further affiant saith not."

A motion was filed in the court below to discharge the
attachment and a number of affidavits were filed in sup-

port of and opposed to the motion.   On the hearing the court dissolved the attachment.

The errors assigned are that the court erred in dissolving the attachment, and second, that the court erred in considering portions of the affidavits which went to the merits of the case.

In support of the second proposition, *Olmstead v. Rivers*, 9 Neb., 234, is cited.   In that case Judge LAKE, who wrote the opinion, says in the syllabus: " Where the petition states a good cause of action the merits of the demand cannot be questioned on a motion to dissolve an attachment issued in the case."   In other words, a defendant, by denying the indebtedness, will not thereby be entitled on that ground to a dissolution of the attachment.   The question of indebtedness must be determined by a trial on the issues formed by the pleadings ; but the grounds for and against an attachment must be determined from the evidence in support of or opposed thereto.   Of course, if on the final trial of the case, judgment is rendered in favor of the defendant and the action is dismissed, the attachment will fail, as it is merely an incident to the cause of action. In the case at bar the affidavits of the defendant allege in substance that the plaintiff had charged them exorbitant prices for meat—more than they could have bought it for from other dealers, and that they did not owe him the full sum claimed.   It has no bearing upon the attachment except to explain the conduct of the defendants in not dealing ing with him to the full extent of their purchases, and we think the defendants had the right to explain their conduct.

We have carefully read the entire record and are of the opinion that no grounds for an attachment are shown, and hence that the judgment of the court below is right.   It is therefore

AFFIRMED.

THE other judges concur.