[S. F. No. 10839. In Bank.—March 16, 1925.]

REPUBLIC TRUCK SALES CORPORATION (a Corporation) et al., Appellants, v. GEORGE PEAK, etc., Respondent.

**[1]** APPEAL—MOTION TO DISMISS — MOOT QUESTION—ATTACHMENT.— Where a motion to discharge an attachment of personal property and to release the property therefrom upon the ground that the writ did not conform to, but was in violation of, section 538 of the Code of Civil Procedure, was granted, and an appeal taken therefrom, an undertaking to stay proceedings upon said order pending appeal being filed, and an amended undertaking thereafter filed by permission of court, the question as to the validity of the original undertaking to stay proceedings upon the order discharging said attachment and as to the validity of the subsequent order of court permitting the filing of a new undertaking to stay proceedings upon said appeal became moot upon a decision in the main case uphold-

(1) 3 C. J., p. 1313, n. 18 New.

ing the attachment and reversing the order of the trial court discharging the same.

MOTION dismissed.

The facts are stated in the opinion of the court.

Preston & Duncan and Frank Hall for Appellants.

Gavin McNab and Nat Schmulowitz for Respondent.

RICHARDS, J.—The questions presented for decision upon this hearing arose out of the following state of facts as they appear upon the face of the record in the main case recently decided by this court (*Republic Truck Sales Corp.* v. *Peak,* 194 Cal. 492 [229 Pac. 331]), and which may be briefly summarized as follows: The plaintiffs herein commenced this action against the defendant, George Peak, to recover the aggregate sum of $50,075.19 as set forth in the several counts of their complaint, and procured a writ of attachment to issue and be levied upon certain personal property of said defendant. At the time of the issuance and levy of said writ, as appears from the sheriff's return thereon, the said property was in the custody of said sheriff under, and was subject to, two prior attachments issued and levied in actions theretofore instituted by other creditors of said Peak. Subsequent to the issuance and levy of the plaintiffs' said writ, the defendant made a motion to discharge the same and release his said property from attachment thereunder upon the ground that said writ did not conform to, but was in violation of the provisions of section 538 of the Code of Civil Procedure. The trial court on May 16, 1923, made and entered its order granting said motion; whereupon the plaintiffs took and perfected an appeal from said order. The plaintiffs also, and at the time of taking said appeal, presented and filed, on June 2, 1923, an undertaking to stay proceedings upon said order pending such appeal in the stipulated sum of fifty thousand dollars and with a qualified surety. In the charging part of said undertaking the surety thereto bound itself in said sum "that if the said order appealed from or any part thereof be affirmed *appellant* will pay all costs and damages which the defendant may sustain by reason of said attachment in the sum hereinbefore mentioned and that the *appellant* will obey the order of the appellate court upon this appeal." No ob-

jection was made by the respondent Peak to the form or substance of this bond, either in the trial court or in this court prior to December 3, 1923. In point of fact, no direct objection was ever made by said respondent to the form or sufficiency of said bond in the form of an application to the trial court or to this court for relief from the effect of said undertaking or for the giving of a sufficient undertaking. The matter stood *in statu quo* until the last-named date, the property of the defendant remaining, so far as the record in the main case or in this proceeding discloses, in the hands of the sheriff, subject to the two prior attachments which had by said sheriff been levied thereon; and in which condition said property still remained and continued up to the time when this court decided the main case, viz., September 23, 1924, holding said attachment to have been valid and reversing the said order of the trial court discharging the same. On December 3, 1923, however, the plaintiffs and appellants appeared before this court with an application *ex parte* for leave to file a new and amended undertaking to stay proceedings upon their said appeal, setting forth that its prior undertaking was ambiguous as to the charging part thereof, above quoted, in that the word "appellant" had been inadvertently used therein instead of the word "appellants"; and upon such *ex parte* application and upon the presentation of a new and amended undertaking correcting said alleged defect, they were permitted by an order of this court to file the same. Thereafter and a few days after making of said *ex parte* order the respondent Peak filed in this court what he denominated a petition for rehearing, but which this court interpreted to be a motion to vacate said *ex parte* order, a hearing upon which was accordingly set upon the April, 1924, calendar of this court and the matter was then submitted for decision. In the meantime the main cause involving the validity of the order of the trial court discharging said attachment came on for hearing and was submitted to this court for decision and was by this court decided on September 24, 1924, and such decision became final thirty days thereafter. By its said decision in the main case this court held that said writ of attachment was properly issued and levied and that the order of the trial court vacating said writ and discharging said attachment was erroneous and it

accordingly reversed said order; and having done so and its said decision to that effect having become final, it ordered the submission of this particular matter set aside and the matter placed upon its calendar for the purpose of determining whether or not the questions involved in this particular matter had become moot by virtue of its decision in the main case. This single issue having been argued by respective counsel, has now been submitted to this court for decision.

[1] We are of the opinion that the questions raised in this proceeding as to the validity of the original undertaking to stay proceedings upon the order discharging said attachment and also as to the validity of the subsequent order of this court permitting the filing of a new and corrected undertaking to stay proceedings upon said appeal have become moot by virtue of our decision in the main case upholding said attachment and reversing the order of the trial court discharging the same. The effect of that decision was to relieve the appellants and their surety from any and all liability upon the original stay bond as well as upon the new and amended undertaking which this court permitted to be filed. If, as the respondent claims, said original stay bond was void, he never did have any right of recovery thereon; and if, as he claims, the *ex parte* order of this court permitting the appellant to file a new and corrected bond is also void, he is in no better or worse position than he was before. Assuming the original stay bond to be void and our said order as to the filing of the new bond to be also void, what was the position and what were the rights of the respondent after the order discharging the attachment was made, after the appeal from said order was taken and after said alleged void bond to stay proceedings pending such appeal had been given? It is clear that his only and all sufficient right was that of receiving or of recovering his attached property from the attaching officer, who, after the order discharging the plaintiffs' attachment had been made, had no longer any authority to retain the same under said discharged writ and who could not justify his further retention thereof because of the giving by the plaintiffs of a void stay bond. The right of recovery of his said property which the defendant then had upon his claim that said stay bond was void, he continued to have down to the date

when our decision that the order discharging said attachment was void became final; unless, indeed, the defendant has himself lost that right by delay or failure in its assertion. So far as the record in this case discloses, the defendant never did assert that right as against the only person against whom it could be asserted, viz.: the attaching officer up to the time when our decision in the main case rendering its further assertion impossible, became final; but, on the contrary, he allowed the attaching officer to remain unmolested in whatever possession of said property he had acquired by virtue of the plaintiffs' writ of attachment. Never having asserted whatever right he gained through the making of the order of the trial court discharging said attachment, he is in the precise position in which he would have been if nò stay bond had been attempted to be given; he has allowed the property to remain *in custodia legis* pending the appeal. This being so, and the decision of this court declaring the order discharging said attachment to have been erroneous, having become final, he is no longer in a position to be either beneficially or injuriously affected by any order which this court can now make in the premises. If this court should decide that its *ex parte* order permitting the appellants to file a new and corrected bond was void because *ex parte* or because said original stay bond was void and hence could not be amended, we are unable to perceive how the defendant could in his present situation be in anywise aided or benefited or injured by such a determination; and a like consequence would follow from the opposite conclusion. If this court should grant the respondent's motion and set aside its *ex parte* order allowing an amended undertaking to be filed, the respondent would be left in the position of having recourse, if he has any at all, to a stay bond which he insists is void and which if not void he has lost the right of access to by virtue of our decision in the main case reversing the order to stay the operation of which such original bond had been given. If, on the other hand, we should deny his motion to set aside our *ex parte* order the same precise result would follow, since his access to either bond has been cut off by our decision in the main case.

The question, therefore, under any possible view of the situation is moot in so far as this respondent is concerned. If there are other parties who have acquired any rights in or liens upon the property, it is sufficient to say that they are not parties to this appeal and hence are unaffected by any order which this court has made or might make in the premises. The motion is dismissed.

Myers, C. J., Shenk, J., Lawlor, J., Waste, J., Seawell, J., and Lennon, J., concurred.

Rehearing denied.

All the Justices concurred.