# UTAH LIQUOR CONTROL COMMISSION v. DISTRICT COURT OF SEVENTH JUDICIAL DISTRICT IN AND FOR CARBON COUNTY et al.

No. 6230. Decided March 13, 1941. (111 P. 2d 144.)

*Parnell Black, D. Howe Moffat,* and *George H. Lunt,* all of Salt Lake City, for plaintiff.

No appearances for defendant.

PRATT, Justice.

With a search warrant properly issued to him, an inspector of the Utah Liquor Control Commission entered a place known as the "Town Tavern" in Helper, Utah; found therein certain whiskey in unlawful possession or use; seized the whiskey and also numerous articles of equipment such as chairs, stools, bars, vending machines, candy cases, etc. The search and seizure was made under and pursuant to the provisions of Section 164 of the Utah Liquor Control Act. Laws 1935, c. 43. That section contains the following provisions:

"* * * shall issue a search warrant * * * commanding the officer to search thoroughly the place, and, on finding alcoholic beverages in unlawful possession or use * * * to seize such alcoholic beverages, * * * and all implements, furniture and fixtures used *or kept for such illegal acts,* and to keep the same securely until final action is had thereon." (Italics added.)

The inspector made return of the property seized to the District Court of the Seventh Judicial District. Upon the return, the court issued a warrant of attachment directing the inspector "to hold safely the property" and "not to relinquish your control of the said property until discharged by due process of law."

The inspector commenced removing the property from the premises. A proprietor of the "Town Tavern" filed an

affidavit with the District Court claiming that the business would be irreparably injured if the removal were not restrained. Upon the affidavit and after hearing upon an order to show cause, a restraining order was issued by that court restraining the removal of all property "except any personal property which could be used only and exclusively for the purpose of violating the Liquor Control Act of the State of Utah." The inspector was authorized to remove the excepted property.

The matter is brought before use by the Utah Liquor Control Commission upon a petition for a writ of prohibition. An alternative writ of prohibition and a writ of mandamus in aid thereof were issued by this court, directed to the Seventh Judicial District Court and the Judge who presided in the case. The counsel for the tavern proprietor did not file any briefs on behalf of the lower court.

The important question posed in the brief of the Liquor Commission is in substance this: Did the District Court exceed its jurisdiction in restraining the removal of the property from the "Town Tavern"?

Attention is invited to the discussion of what constitutes an excess of jurisdiction, in the case of *Atwood* v. *Cox*, 88 Utah 437, 55 P. 2d 377. We shall not repeat that here.

The affidavit of the proprietor raises no question of a defective process either in obtaining the warrant, or in making the seizure under the warrant. It does, however, contain this paragraph:

"That the plaintiff above named makes a claim that the defendants herein have violated the provisions of the Liquor Control Act of the State of Utah in the said place known as the "Town Tavern" described aforesaid, *which said claim this defendant denies.*" (Italics added.)

Such an allegation raises an issue upon the merits of the proposed forfeiture of the seized property. In other words, a notice of the intended forfeiture is given, and on the day fixed for the hearing a claimant may appear and contest the forfeiture upon the ground among others that the property was not used illegally or in conjunction with a

violation of the Liquor Act. See Section 168 of the Liquor Control Act. Even though the court might decide that the property should not be forfeited, it does not follow that the seizure of the property was illegal by reason of any defect in the process. The question then arises: May this issue upon the merits of the forfeiture be raised by an attack upon the seizure instead of a defense to the main proceedings?

The subject of dissolution of attachments offers a close analogy to the instant case, since here the defendants wish to have an attachment vacated. In the case of *Collins* v. *Stanley,* 15 Wyo. 282, 88 P. 620, 621, 123 Am. St. Rep. 1022, plaintiff claimed that defendants had entered upon his land, torn down fences, consumed the hay, etc. A writ of attachment was issued and levied upon personal property of defendants, who filed a motion to discharge the attachment on the grounds that they were entitled to possession of the land and were not guilty as charged in plaintiff's affidavit for a writ of attachment. The court, in discussing who had the right to the premises, said:

"* * * These matters went to the merits of the case and involve questions of fact upon which the parties had the right to a jury trial, as well as questions of law. These questions cannot be tried in this summary manner, but must be disposed of in the regular way on the trial. The traverse of the affidavit for the attachment by the motion to discharge in this case is of the grounds for the attachment, and we think that is the only traverse that is permitted on such motion. Were the rule otherwise, the validity of plaintiff's cause of action might be put in issue, and require a trial on the merits, and thus in every case in which an attachment is issued the defendant could force a trial on the merits and on ex parte affidavits, on a motion to dissolve, which * * * cannot be done. In *Foley* v. *Virtue* (N. Y.) 8 Abb. Prac. (N. S.) 407, it is said: 'The referee and counsel appear to have acted in this matter upon the assumption that the case was to be tried upon its merits, whereas it would seem that the reference was ordered only for the purpose of taking proofs in respect to the facts going to sustain or defeat the attachment. It may be that the referee is correct, and that no cause of action exists in favor of the plaintiff against the defendant, but that question cannot be tried in this summary mode, but must be disposed of in the regular way on the trial. Were the rule otherwise, the cause would, in effect, be

tried on its merits on a mere motion to vacate the attachment.' In *Newell* v. *Whitwell*, 16 Mont. 243, 40 P. 866, it was held that it was not within the scope of the inquiry on a motion to dissolve an attachment to try the merits of the main action. * * * The circumstances of the transactions out of which plaintiff's cause of action arose may be inquired into although they may involve some of the facts upon the merits, but such inquiry is for the purpose of determining whether grounds for the attachment exist, and not whether there is or not a cause of action."

In *Olmstead* v. *Rivers,* 9 Neb. 234, 2 N. W. 366, 368, the district court had granted a motion to dissolve an attachment. That dissolution was the only matter alleged for error. The court stated, in reversing the lower court:

"It is further objected in said motion that the claim on which suit was brought was not due at the commencement of the action. This is mere assertion, with no showing to sustain it. The petition sets forth a good cause of action and whether it be true or false, cannot be inquired of on a motion to dissolve the attachment. That question can be settled only on the trial of the issues under the pleadings."

This was cited with approval in *Hamilton* v. *Johnson,* 32 Neb. 730, 49 N. W. 703, 704, the court adding:

"In other words, a defendant, by denying the indebtedness, will not thereby be entitled on that ground to a dissolution of the attachment. The question of indebtedness must be determined by a trial on the issues formed by the pleadings; but the grounds for and against an attachment must be determined from the evidence in support of or opposed thereto."

In *Republic Truck Sales Corp.* v. *Peak,* 194 Cal. 492, 229 P. 331, 335, it was alleged that the affidavit for attachment was false and untrue. The court held that if the specification of the falsity of a certain claimed indebtedness was "to be deemed to amount to a denial of the indebtedness upon which the action was brought and the attachment issued, it would constitute an attempt to put in issue and try out the merits of the case itself upon a motion to discharge the attachment, and the general rule is that this may not be permitted."

The principle is the same here. In the affidavit in this case no effort was made to attack the validity of the process of seizure. It is not a case wherein an attempt was made to state facts showing an invalid process, but which attempt failed for insufficient facts and which failure could be remedied by amendment. If it were such an attempt, then the court would have the power to permit the amendment; and thus proceed to act upon the affidavit. As the affidavit here, in effect, admits the validity of the process of seizure, the court has no power to act upon that affidavit as if the validity of the process were attacked. To so act under such circumstances is to exceed its jurisdiction.

In acting upon the affidavit in this case the lower court decided a matter not in issue. It directed the officer to except from the seizure property not subject to seizure under the statute. The affidavit makes no claim that any of the property seized is property not subject to seizure under that statute. The presumption is that the officer seized only what Section 164 permitted him to seize. In passing it may be well to cite the case of *Bundrem* v. *Denn*, 25 Kan. 430, wherein the appellate court said:

"While the court cannot inquire into the validity or justice of the cause of action, yet it may inquire into the truthfulness of the grounds of attachment set forth in the affidavit, and if this inquiry incidentally refers to some of the allegations of the petition, this circumstance does not compel the court or judge to refuse consideration of the motion or suspend the decision until the final trial of the cause. A dissolution of the attachment does not defeat the action, and is only the finding or result on a summary hearing upon a special proceeding auxiliary to the action. In this view, the court below had the authority to hear and determine the motion."

It is true that there may be instances wherein the line to be drawn between the merits of the forfeiture and the validity of the process of seizing the property is very thin. However, we do not have that question before us in this case, and do not attempt to draw any line of distinction. As to the court's interfering with the duties of the officer,

see Ex parte State, 200 Ala. 15, 75 So. 327, and *Higdon* v. *McDuff*, 233 Ala. 497, 172 So. 636.

By the statute, Section 164, and by the order of the court, the inspector was made responsible for the safekeeping of the seized property. He had the right to exercise his judgment as to the best method for accomplishing that safekeeping. If he believed removal was the safest method, the court should not interfere unless it be shown that he was abusing that discretion vested in him. There was no contention in this case that he was abusing his discretion.

The restraining order issued by the lower court is void and of no effect. The writ issued by this court is made permanent enjoining the interference with the removal of the property by the inspector.

MOFFAT, C. J., and WOLFE, LARSON, and McDON-OUGH, JJ., concur.