[No. 12756.   Department Two. — May 29, 1890.]

GIACOMO   BARBIERI,   RESPONDENT,   v.   CARLOS RAMELLI ET AL., APPELLANTS.

ATTACHMENT — VALUELESS MORTGAGE — SUFFICIENCY OF AFFIDAVIT. — An affidavit for attachment showing that the indebtedness was secured by a mortgage, and stating the general conclusion that "said mortgage, without any act of plaintiff, or the person to whom the security was given, became valueless," is sufficient to justify the clerk in issuing the writ.

ID. — ORDER REFUSING TO DISCHARGE ATTACHMENT — PROOF THAT SECURITY HAD NOT BECOME VALUELESS — REVIEW ON APPEAL — CONFLICT OF EVIDENCE. — When, upon a motion to discharge such attachment, the proof offered by the defendant shows without substantial conflict that there has been no change in the value of the mortgaged premises, or in the security of the mortgage from the time it was executed until the time of the issuance of the writ of attachment, an order refusing to dissolve the attachment will be reversed upon appeal; though if there were any substantial conflict of evidence as to the fact involved, the ruling of the court below would not be disturbed.

APPEAL from an order of the Superior Court of San Mateo County refusing to discharge an attachment.

The facts are stated in the opinion of the court.

*George C. Ross*, for Appellants.

*Joseph F. Cavagnaro*, for Respondent.

McFARLAND, J. — This is an appeal by defendants from an order of the court below denying their motion to discharge and dissolve an attachment.

The action is to recover upon an alleged indebtedness

of seven hundred dollars; and the part of the affidavit of attachment involved in this appeal is as follows: "That the same was secured by a mortgage on real property only, which was recorded in the recorder's office of San Mateo County, state of California, on the sixteenth day of November, 1885, in record 16 of mortgages, page 589, and *said mortgage,* without any act of plaintiff, or the person to whom the security was given, became valueless."

The affidavit of the defendant Carlos Ramelli, on the hearing of the motion, states specifically, among other things, that the mortgage referred to in plaintiff's affidavit for attachment was of a certain described tract of land in San Mateo County, containing over one thousand acres; that it was given to secure the identical indebtedness sued on, and none other; that it has never been satisfied, but remains in full force and effect; that the said land was at the date of the mortgage of the value of about twenty-one thousand dollars; that it has not depreciated in value since said date, but, on the contrary, defendants, since then, have put additional improvements thereon to the extent of two thousand dollars; that said land is still in existence and is still security for said indebtedness, and is worth fully as much as it was at the date of said mortgage; that defendants have not parted with their interests in said land, except that defendant Beffa has sold and conveyed his interest to the other defendants, who are seised and in possession of the whole of said tract of land; and that the sheriff, under the writ of attachment, has taken and withholds from defendants a large amount of personal property, consisting of cows, calves, horses, etc.

Appellants contend that the affidavit for attachment is defective because it merely states that "said mortgage" became valueless, while the code provides for a statement that the "security" has become valueless; and furthermore, that there can be no attachment in *any*

case where there is a mortgage, because, under section 726 of the Code of Civil Procedure and the decisions of this court, no action in such a case can be maintained without a foreclosure of the mortgage. But, waiving these questions, we think that the evidence before the court on the motion to discharge showed that the security had *not* become valueless. The words " has become valueless," as used in section 538 of the Code of Civil Procedure, are, no doubt, of somewhat uncertain meaning, and cases can be readily imagined where it would be difficult to properly apply them; but in the case at bar it very clearly appears that no change had taken place in the security from the time the mortgage was executed until the time of the issuance of the writ of attachment. It cannot be fairly said that there is a conflict of evidence on this point. It is true that the affidavit of plaintiff states the general conclusion that the mortgage has become valueless, which was sufficient, no doubt, to justify the clerk in issuing the writ; but the affidavit of defendant contained a statement of specific facts which, if true, shows that the mortgage had not become valueless. Plaintiff had the opportunity, under section 557 of the code, to contradict these specific statements of fact made by defendant, or to state any other facts; and not having done so, we think that defendant's affidavit must be taken as establishing the truth of what it contains. And if the security had not become valueless, then defendants were entitled to have the attachment dissolved. Of course, if there had been any substantial conflict in the evidence as to the *facts* involved, we would not disturb the ruling of the court below.

The order appealed from is reversed, and the court below is directed to discharge and dissolve the attachment.

SHARPSTEIN, J., and PATERSON, J., concurred.