## SLOSSON v. GLOSSER et al.

### S. F. No. 422; September 29, 1896.

#### 46 Pac. 276.

**Attachment.—An Order Refusing to Dissolve** an attachment will not be reversed on appeal where the evidence is conflicting.

**Attachment—Debt Secured by Bond.—Under the Provision of** Code of Civil Procedure, section 538, excluding from the debts on which an attachment may be obtained those secured ''by any mortgage or lien upon real or personal property, or any pledge of personal property,'' the fact that a debt is secured by a bond executed by the debtor with sureties will not defeat an attachment thereon.

APPEAL from Superior Court, City and County of San Francisco; James M. Troutt, Judge.

Action by Edw. P. Slosson against George W. Glosser and others. Defendants appeal from an order refusing to dissolve an attachment. Affirmed.

Wal. J. Tuska for appellants; Rhodes & Rhodes for respondent.

PER CURIAM.—Appeal from an order refusing to vacate and dissolve an attachment. The order must be affirmed. The showing made by plaintiff on the motion directly contradicted that of the moving defendant as to the purposes for which the bicycle installment contracts were assigned to plaintiff; the defendant claiming that they were so assigned as security for the debt sued on, and plaintiff's affidavit setting up that they were not taken for that purpose, but that he was simply to take the contracts and collect the installments due on them for defendants, and expressly declined to take them for any other purpose. The evidence was thus substantially conflicting, and it is therefore unnecessary to inquire whether, had the contracts been assigned to secure the debt, they would have constituted such security as would preclude plaintiff from the remedy of attachment, since, upon well-established principles, the finding of the lower court is conclusive, and the order cannot be disturbed: Barbieri v. Ramelli, 84 Cal. 174, 24 Pac. 113.

The further question whether plaintiff held the bond for $1,000 claimed to have been executed by Glosser and two sureties to plaintiff's assignor as security for the defendants' indebtedness is wholly immaterial, since such security does not prevent the right of attachment. The requirement is that the debt shall not be secured "by any mortgage or lien upon real or personal property, or any pledge of personal property": Code Civ. Proc., sec. 538. Order affirmed.