[Sac. No. 609.    Department Two.—January 24, 1900.]

## A. OTTO, Respondent, v. MARY E. LONG, Administratrix of Estate of Mary Wood, Deceased, et al., Appellants.

ESTATES OF DECEASED PERSONS—ALLOWED CLAIM UPON NOTE—INEFFECTIVE MORTGAGE NOT DESCRIBED.—An allowed claim upon a note against the estate of a deceased person, which makes no description or mention of a mortgage given by the decedent to secure it, is a valid claim against the estate, where it appears that the mortgage was ineffective, upon the ground that the decedent had no interest in the mortgaged property, either at the time of the mortgage or at any time subsequent thereto.

ID.—ABSENCE OF LIEN—CONSTRUCTION OF CODE—PERSONAL LIABILITY FOR DEBT.—A mortgage of property in which the mortgagor neither has nor acquires any interest creates no lien, and cannot properly be foreclosed; and, in such case, it does not violate the policy established by section 726 of the Code of Civil Procedure to allow a personal action upon the note. The rule that the mortgagee is personally liable for the entire debt should be the same where no lien is created as where the lien has been lost without the fault of the mortgagee.

ID.—NEW MORTGAGE BY DEVISEES—CONSIDERATION—RELEASE OF CLAIM AGAINST SOLVENT ESTATE—EXTENSION OF TIME.—The release and acknowledgment of satisfaction and discharge of the claim upon the note against the solvent estate of the decedent, and the extension of time to the devisees as the sole parties in interest in which to pay the debt, is a sufficient consideration for the execution of a new and valid mortgage by the devisees upon the property in fact owned by them, which was described in the first ineffective mortgage executed by the decedent.

ID.—IMMATERIAL MISTAKE AS TO SOURCE OF TITLE.—The mutual mistake of the mortgagors and mortgagee in supposing that the mortgaged property belonged to the estate of the decedent, that the original mortgage executed by the decedent was valid, and that the devisees acquired title from his estate, whereas in fact they owned it by an independent title, is immaterial, so far as respects the consideration for the mortgage executed by them, and the validity and effectiveness of their mortgage.

ᴅ.—MISTAKE AS TO REMISSION OF PART OF DEBT—MISCALCULATION—NEG-
LIGENT IGNORANCE.—A mutual mistake of the claimant of the note
against the estate and the devisees as to the amount due, based
upon a miscalculation by the claimant, each supposing that the
devisees in executing the new mortgage were receiving the ben-
efit of a reduction of four hundred dollars, the debt being
in fact less than the face of the mortgage, cannot affect the
validity of the mortgage for the sum actually due. The allowed
claim having included a copy of the note with the credits there-
on, the mortgagors were as chargeable as the mortgagee with
information as to the amount of the debt; and their failure to
compute the interest and their ignorance of the truth was the
result of their own gross negligence.

APPEAL from a judgment of the Superior Court of Lassen
County. C. E. McLaughlin, Judge, presiding.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, for Appellants.

There was no consideration for the note of Mary Wood se-
cured by the new mortgage. She was under no obligation to
pay the debt of her deceased husband. (*Rosenberg v. Ford*, 85
Cal. 610; *Sullivan v. Sullivan*, 99 Cal. 193; *Chaffee v. Browne*,
109 Cal. 211, 220; *Blythe v. Robison*, 104 Cal. 241.) The mort-
gage of Allen Wood purported to be a security, and section 726
of the Code of Civil Procedure applies, whether the security was
adequate or not. (*Barbieri v. Ramelli*, 84 Cal. 154; *Bartlett v.
Cottle*, 63 Cal. 366; *Biddel v. Brizzolara*, 64 Cal. 354.) The
claim upon the note without any mention of the mortgage was
invalid. (Code Civ. Proc., secs. 1493, 1497, 1500; *Ellis v. Pol-
hemus*, 27 Cal. 350; *Verdier v. Roach*, 96 Cal. 467; *Bank of So-
noma Co. v. Charles*, 86 Cal. 322; *Evans v. Johnston*, 115 Cal.
180.) The new note and mortgage were not payment of the
old, not having been expressly agreed upon as payment. (*Grif-
fith v. Grogan*, 12 Cal. 317; *Comptoir D'Escompte v. Dresbach*, 78
Cal. 15; *Savings etc. Soc. v. Burnett*, 106 Cal. 530.) The note
being without consideration the mortgage falls with it. (*Saw-
telle v. Muncy*, 116 Cal. 439.) The new note and mortgage hav-
ing been made under a mutual misapprehension of material
facts, they must fail for want of free and full consent. (Civ.
Code, secs. 1565, 1567, 1576-78; *Rosenberg v. Ford, supra; Rued
v. Cooper*, 119 Cal. 463; 2 Pomeroy's Equity Jurisprudence, sec.
849.)

Spencer & Raker, and H. D. & G. S. Burroughs, for Respondent.

The allowed claim had the effect of a judgment which must be paid in due course of administration, and charged the property of the estate with payment thereof. (Code Civ. Proc., secs. 1497, 1504, 1516; *Estate of Hidden*, 23 Cal. 363; *Estate of Glenn*, 74 Cal. 567.) The security being valueless, the claim for the note was properly allowed. (*Williams v. Hahn*, 113 Cal. 475-77; *Savings Bank v. Central Market Co.*, 122 Cal. 28; *Blumberg v. Birch*, 99 Cal. 416; 37 Am. St. Rep. 67; *Toby v. Oregon Pac. R. R. Co.*, 98 Cal. 490, 494.) Where the reason is the same, the rule should be the same; and the law requires no idle acts. (Civ. Code, secs. 3511, 3532.) Even if the mortgage was valid, the presentation and allowance of the note would keep the mortgage alive as an incident of the note. (*Consolidated Nat. Bank v. Hayes*, 112 Cal. 75-82; *Sonoma Co. Bank v. Charles*, 86 Cal. 322; 8 Am. & Eng. Ency. of Law, 2d ed., 1072; *Cannon v. McDaniel*, 46 Tex. 303; *Danzey v. Swinney*, 7 Tex. 627.) The payment of the valid claim against the solvent estate was a sufficient consideration for the note and mortgage by the devisees, to the actual extent of the debt. There was a complete novation which extinguished the old obligation. (Civ. Code, secs. 1530, 1531.)

TEMPLE, J.—This action was brought to foreclose a mortgage given by the decedent in her lifetime and by the other defendants.

The important facts are these: Allen Wood, who was then the husband of the intestate Mary Wood, in 1888 gave to plaintiff, to secure an indebtedness due from himself to plaintiff, his promissory note and what purported to be a mortgage upon land in which he had no estate, title, or interest of any kind or character, and which was then and has ever since been owned and occupied by the defendants Mary E. Long and W. B. Long as and for their homestead. Allen Wood died in 1890, testate. The purport of his will is not made to appear, but counsel on both sides assume that his widow, Mary Wood, and Mary E. Long, who was his daughter and only child, were interested in his estate.

He left a solvent estate, and among his assets were: 1. A tract of land which was a declared homestead; and 2. Eighty acres not included in his homestead.

Mary Wood, then his widow, was appointed administratrix with the will annexed, and duly qualified. Notice to creditors was published and in due time, August 7, 1891, plaintiff presented for allowance his claim founded upon the note, but made no mention of the mortgage. It was duly allowed both by the administratrix and by the judge, and was filed.

On the first day of December, 1893, the said Mary Wood and the defendants Long executed to plaintiff the mortgage upon which this suit was brought, which was given to secure the debt due from the estate of Allen Wood, and there was no further or other consideration for the same than the indebtedness of the estate of Allen Wood to plaintiff. All parties at the time of the transaction believed that the land covered by the mortgage belonged to Allen Wood when the first mortgage was given and constituted a part of his estate at the time the note in suit was given; also that the claim had been properly presented to his administratrix and was properly allowed, and was a valid claim against the estate, both as to the note and the mortgage. All parties also believed that there was then due upon the original note about two thousand nine hundred dollars, and that in accepting the new note and mortgage in lieu of the old one plaintiff remitted about four hundred dollars of the indebtedness to him. As a matter of fact, the amount due plaintiff was then only two thousand three hundred and twenty-one dollars.

Defendants did not discover any of these mistakes until after this action was commenced.

It is not found that Otto believed at the time the new note was given that the land described in the mortgage of Allen Wood belonged to the estate, but he certainly knew that Mary Wood and the defendants were acting under that belief, and he did not inform them of their mistake. In his receipt given in discharge of the old debt he describes it as a claim secured by mortgage. It is probable that when the first mortgage was accepted by Otto he supposed that the land was the property of Wood, but it is possible that when he presented his claim to the administratrix he had discovered the truth, and therefore did not present the mortgage.

Practically, the only defense which the defendants make is that there was no consideration for the new note and mortgage. And this is based upon the proposition that as the obligation of Allen Wood was secured by mortgage, and the mortgage was not described in the claim, as the statute directs that it should be, the allowance is absolutely void, and it has been decided in this state that a wife is not even morally bound for the debts of her husband, and that her note for his debt, where there is no new consideration, is void. (*Rosenberg v. Ford*, 85 Cal. 610; *Sullivan v. Sullivan*, 99 Cal. 193; *Chaffee v. Browne*, 109 Cal. 211.)

Appellants concede that if Otto had a valid claim against Allen Wood's estate, and the claim was paid by the new note and mortgage, there was a valid consideration, but they deny both propositions.

Respondent accepts these as the true issues involved, subject to his contention that the court found that there was an adequate consideration and did not find that there was a mutual mistake. Respondent contends, however, that the debt of Allen Wood to plaintiff was not secured by a mortgage, and, therefore, it was properly presented and allowed. Section 726 of the Code of Civil Procedure provides: "There can be but one action for recovering any debt, or the enforcement of any right secured by mortgage upon real estate, which must be in accordance with the provisions of this section," etc.

Admittedly, Otto could not waive his security, if security he had, and bring a personal action to recover his debt. And it is also admitted that, if the debt was so secured, it was not presented as required by section 1496 of the Code of Civil Procedure. It is also agreed that Allen Wood had neither title nor possession to the mortgaged premises when he gave the mortgage, and that he acquired none subsequently. In reality, it never did amount to security, and yet the instrument was not wholly void. Had Allen Wood acquired any interest in the mortgaged premises during the natural life of the contract the lien of the mortgage would at once have attached to it. An after-acquired title feeds the security.

The policy which led to the enactment of section 726 has been often stated. The matter is discussed in *Toby v. Oregon etc. R. R. Co.*, 98 Cal. 490, where attention is called to some actions

which could formerly have been maintained by a mortgagee after breach of the contract on the part of the mortgagor. The ends accomplished by the section, it is said, are: 1. To confine the mortgagee to one action; 2. To make the security the primary fund from which satisfaction is to be made; and 3. To give plaintiff a judgment for the deficiency, if any, remaining after exhausting the security.

Appellant relies almost entirely upon a remark found in *Barbieri v. Ramelli,* 84 Cal. 174, as follows: "The proper construction of the language of the statute is that, if the mortgage on its face purports to be a security to the plaintiff, then he must bring his action for foreclosure. This word has reference to the purport of the mortgage as it appears upon its face. The interpretation is not proper when its meaning is sought in something outside of the mortgage instrument."

In that case the plaintiff held a third mortgage and brought a personal action to recover his debt, and claimed the right to disregard the mortgage because, as he contended, the amount due on the prior mortgages exceeded the value of the security. The ruling was to the effect that so long as he had a lien on real property given as security he must foreclose. In effect, this is saying that a foreclosure and sale is the special mode provided for determining whether there is anything for a particular mortgagee in the property subject to the lien. This position seems to follow from *Biddel v. Brizzolara,* 64 Cal. 354, and other cases which hold that the liability of a mortgagor is only to pay any deficiency which there may be after foreclosure and sale of the mortgaged premises. That is to say, so long as there is an unexecuted lien on property to secure the debt a personal action cannot be maintained. To inquire whether there is such property as that which the mortgage purports to cover, or whether, for any reason, it failed to create a lien, is not to violate the rule announced in *Barbieri v. Ramelli, supra,* nor the policy of the statute. If it can be made to appear that there is no such property as that which the mortgage purports to describe, it would demonstrate that there was no lien, and the debt would not be one secured by mortgage upon real estate. If, when the mortgagor executed the mortgage, he had neither possession, or any estate, title, or interest of any kind or character in the

mortgaged premises, and never at any time acquired any, it is equally evident that the debt is not one secured by a lien upon real estate.   One cannot by his contract create a lien upon property which he does not possess, and to which he has no title of any character whatever.   If the mortgagor was in good faith asserting a claim to the property, or had color of title, or was asserting an equity in reference to it, perhaps the mortgagee would be compelled to foreclose.   Here, confessedly, the mortgagor had no claim of title.   Nor was the mistake, if there was one, such as could be corrected in a court of equity.   Wood did not, so far as appears, describe the wrong tract of land.   He was apparently under the impression that he had acquired title to the land from the United States, whereas his daughter and son in law had applied for and had received a patent for the land.   It does not appear that there was any misrepresentation or fraud, or any mistake other than that above stated.   And, strange as it may appear, the widow, the daughter, and son in law thought the land belonged to the estate of Allen Wood when they gave the second mortgage, and supposed they were creating a lien upon property to which they had succeeded as devisees or heirs of Allen Wood, and not upon their own property acquired by purchase.

Under such circumstances it does not violate the policy established by section 726 to allow a personal action upon the note. It is not altogether or literally true, as declared in some of the cases, that the mortgagor only undertakes to pay the deficiency which may remain after the return is made of the result of the sale on foreclosure.   He undertakes to pay the debt, but if there exists a valid lien to secure its payment the result is the same as though his contract had been only to pay the deficiency.   If, however, without fault on the part of the mortgagee the lien be lost, he may be held for the entire debt.   (*Savings Bank v. Central Market Co.*, 122 Cal. 28.)   And if by some mistake the mortgagee does not get a lien upon anything, the rule should be the same.

Why should he go through the senseless form of foreclosure, when confessedly he does not really have a lien?   It may even be doubted whether he could or would be permitted formally to foreclose, and in pursuance of a decree offer for sale land be-

longing to a third party, when his mortgagor neither had or asserted any title or claim, in law or equity, with reference to the property. Such a proceeding would tend to cloud land titles, and surely the policy of the law cannot require it.

The claim as presented and allowed being a valid claim against the estate of Allen Wood, deceased, it is admitted that it was a sufficient consideration for the new note and mortgage, provided it was surrendered and given up as paid by the new note. It is contended that there was no express agreement that the acceptance of the new note should operate as payment of the old note. It is averred in the answer, and found, that plaintiff importuned Mrs. Mary Wood for a new note in lieu of the old, and threatened to bring suit upon his note and mortgage and put the estate to great expense; that to prevent this Mrs. Wood proposed to execute the new mortgage "in lieu of the claim and demand of said Otto against the estate of Allen Wood, deceased, if said Otto would forego the foreclosure of said mortgage and surrender the note," etc., and that Otto accepted said proposition, and "pursuant thereto the note and mortgage described in the complaint herein were executed and delivered to plaintiff."

It is also found that before the new note and mortgage were delivered Mrs. Mary Wood was informed that the old note had been lost, and therefore could not be given up, and thereupon Otto gave a receipt as follows:

"Law Office of Goodwin & Goodwin.

"Susanville, Cal., March 26, 1894.

"Received of Mrs. Allen Wood, administratrix of the estate of Allen Wood, deceased, the sum of twenty-eight hundred sixty-two dollars, being payment full and complete satisfaction and discharge of claim of undersigned against said estate, for promissory note and mortgage dated the 18th day of December, 1888, for $4,230.30-100, and recorded December 18, 1888, in Vol. E of Mortgages, page 332-3 and 4, Lassen county records.

"(Signed)    ANTHONY OTTO."

The point is, that the receipt specifies that it is received in payment of the claim but not of the note, which it is said left him free to foreclose the mortgage, which he might do thoug the claim against the estate was not presented or allowe There is nothing in this. Satisfaction and discharge of th

claim on the note is payment of the note, unless it is otherwise expressed.

Appellant contends that there was a mutual mistake as to other matters and that the contract was based upon mutual misapprehension. The main point is that in the compromise all parties understood that Otto was remitting four hundred dollars justly due him, and one inducement for the defendants to give new security for the debt was their conviction that thereby they were gaining four hundred dollars. They thought Otto was paying them four hundred dollars as an inducement. Unless Otto could have made his money out of the estate, there was no foundation for such belief. Otto's claim had been filed. It included a copy of the note and the credits. In Otto's affidavit it was stated that the amount due was two thousand two hundred and ninety-five dollars and twenty-three cents, which it seems was about fifty dollars too much. The misapprehension or mistake made by Otto was in regard to matters in reference to which Mrs. Wood and her attorney were as well informed as Otto was. Their ignorance of the truth was the result of gross negligence. The court rendered judgment only for the sum actually due. The failure of Mrs. Wood and her attorneys to compute the interest shows that they did not consider that a matter of much consequence in the compromise. As it is found that the estate was solvent, and it is assumed here, as it must have been in making the compromise, that Mrs. Wood and the defendants were the only persons interested in the estate of Allen Wood, they were practically getting an extension of credit for their own debt.

Under the circumstances I think defendants should not be relieved from their obligation.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.