[Civ. No. 3612.   Second Appellate District, Division One.—May 6, 1921.]

## DYER LAW & COLLECTION COMPANY (a Corporation), Respondent, v. F. J. ABBOTT, Appellant.

[1] PLEADING — WRITTEN INSTRUMENT IN ANSWER — FAILURE TO FILE AFFIDAVIT PROVIDED BY SECTION 448, CODE OF CIVIL PROCEDURE— AVOIDANCE OF INSTRUMENT—EVIDENCE.—While the plaintiff in an action upon a promissory note by his failure to file the affidavit prescribed by section 448 of the Code of Civil Procedure is deemed to have admitted the due execution and genuineness of an alleged mortgage set out in the answer, he is nevertheless entitled to offer any competent evidence in avoidance of the effect or operation of such instrument.

[2] PROMISSORY NOTE—VOID MORTGAGE—PERSONAL ACTION.—Where a promissory note purports to be secured by a .mortgage which in fact does not create a lien on the described property, the owner of the note is entitled to ignore the purported mortgage and bring an action to recover a personal judgment against the maker of the note.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. E. Davis for Appellant.

Trusten P. Dyer for Respondent.

SHAW, J.—Defendant appeals from a judgment rendered in favor of plaintiff in an action brought to recover upon a promissory note.

As a special defense, the defendant by answer alleged that with the execution and delivery of the note and as security

52 Cal. App.—35

for the payment thereof, he and plaintiff's assignor executed an agreement, copy of which is set out in the answer, which agreement "is in truth and in fact a mortgage on real estate and was given as security for the obligation sued upon in this action." The agreement contained a clause as follows: "The payment of the said promissory note and moneys is hereby secured upon the interest of the party of the first part [defendant herein], in what is known as the Dreamland Pier Company at Ocean Park, and the property owned by him jointly with C. A. de Lisle-Holland and W. H. Labb, and also secured on all devices erected on or so to be, the said pier and property."

The sole contention of appellant is that, in the absence of an affidavit filed by the plaintiff denying the execution of the instrument, its genuineness, as provided by section 448 of the Code of Civil Procedure, is deemed to be admitted, and since the instrument constituted a mortgage given to secure the payment of the obligation, no action could be instituted for recovery upon the note other than as provided in section 726 of the Code of Civil Procedure, namely, to foreclose the mortgage, and if the proceeds of a sale of the property were insufficient to pay the amount found due, take judgment for the deficiency.

[1] New matter in an answer is deemed to be controverted without any special replication, and hence, while under section 448, *supra,* the plaintiff herein by his failure to file the affidavit therein prescribed must be deemed to have admitted the due execution and genuineness of the instrument set out in the answer, he was nevertheless entitled to offer any competent evidence in avoidance of the effect or operation of such instrument. (*In re Garcelon,* 104 Cal. 570, [43 Am. St. Rep. 134, 32 L. R. A. 595, 38 Pac. 414].) It appears that immediately prior to the time when the note would have been barred by the statute of limitations, to wit, on March 28, 1919, defendant by a written instrument renewed his promise to pay the same. The court, upon ample evidence, including that of the defendant himself, found that neither at said time nor at any time thereafter did defendant have any interest whatsoever in the property described in the purported mortgage; that the property therein described and upon which the

mortgage purported to create a lien had no existence, and that at the time of bringing the suit said note was wholly unsecured. It thus clearly and conclusively appears that plaintiff had no lien, by mortgage or otherwise, as security for the payment of the note. Under such circumstances, to allow a personal action upon a note, does not violate the policy established by section 726 of the Code of Civil Procedure (*Otto* v. *Long*, 127 Cal. 471, [59 Pac. 895]), the purpose of which policy is to prevent a multiplicity of suits by compelling the creditor to exhaust the security of the mortgage before taking a personal judgment in the action against the debtor. (*Merced Bank* v. *Casaccia*, 103 Cal. 641, [37 Pac. 648].) In the instant case it appears that the security, if any ever existed, was exhausted, and that, too, without the fault of plaintiff or its assignor, and no purpose could be served by the idle and senseless act of foreclosing a mortgage in form which, by reason of there being no property, had no substance and did not in fact constitute a lien. As said in *Otto* v. *Long, supra*: "If it can be made to appear that there is no such property as that which the mortgage purports to describe, it would demonstrate that there was no lien, and the debt would not be one secured by mortgage upon real estate."

[2] It conclusively appears from the record herein that the note upon which the action is based was not secured by a mortgage or other lien upon any property whatsoever, and hence, notwithstanding the existence of an instrument which in form purported to, but did not in fact, create a lien as security, plaintiff was entitled to ignore the same and bring an action to recover a personal judgment against defendant upon the note as maker thereof. (See *Toby* v. *Oregon Pac. R. R. Co.*, 98 Cal. 490, [33 Pac. 550]; *Savings Bank* v. *Central Market Co.*, 122 Cal. 28, [54 Pac. 273].)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.