QUICKENDEN, APPELLANT, *v.* HULBERT ET AL., RESPONDENTS.

(No. 6,357.)

(Submitted December 5, 1928. Decided December 28, 1928.)

[272 Pac. 994.]

*Mr. Fred C. Gabriel,* for Appellant, submitted a brief and argued the cause orally.

*Mr. H. L. Wolfe,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on three promissory notes. The defendants, it appears, reside in this state and in the county in which the action was instituted.

An amended complaint, which we shall call the complaint, alleges, in the usual form, that, at Carrington, North Dakota, Defendant C. P. Hulbert and his wife, Ina B. Hulbert, executed and delivered to The Farm Mortgage Loan and Trust Company, a corporation, their three promissory notes, running to it. The notes are set out. All of them were executed March 5, 1917. One of them, in the sum of $800, called a principal note, was made payable March 5, 1922. The two other notes are called interest coupon notes. One of them, for $48, was made payable November 1, 1921; the other, for $16.55, was made payable March 5, 1922. The complaint says the two latter notes were given to secure the payment of interest to accrue on the principal note. The complaint alleges further that The Farm Mortgage Loan and Trust Company, payee, sold and assigned the notes, June 6, 1917, to plaintiff, the owner and holder thereof; that Defendant C. P. Hulbert's wife died, intestate, October 6, 1923, leaving estate, consisting of real and personal property, in Phillips County, Montana, and that her husband, C. P. Hulbert, surviving, thereafter was duly appointed administrator of the estate of his late wife and that he qualified as such and letters of administration were issued to him and have not been revoked and he entered upon the discharge of his duties,

as such administrator, and caused to be published notice to creditors of decedent; that thereafter plaintiff presented to C. P. Hulbert, as administrator, a claim, based on the three notes herein mentioned, against the estate of decedent and it was rejected and that such claim, consisting of such notes, is due and wholly unpaid. All of the notes are sued upon as one cause of action. Judgment for the amount due on them, principal and interest, is asked.

Each of the defendants, C. P. Hulbert, as an individual, and C. P. Hulbert, as administrator, made separate answer to the complaint. The answer of Defendant C. P. Hulbert, the individual, admits all of the allegations of the complaint, save the allegation of the sale and assignment of the notes to plaintiff, the asserted owner and holder thereof, and attempts to deny upon information and belief that allegation. As to that allegation of the complaint, the answer says: "Defendant C. B. Hulbert, answering paragraph three of plaintiff's amended complaint, is not informed as to the allegations in said paragraph contained and therefore denies each and every allegation, matter and thing therein contained." That is not a sufficient denial. (Sec. 9137, Rev. Codes, 1921.) It is not in the language of nor is it in substantial conformity with the statute on the subject, section 9137, supra. A denial upon information and belief must be substantially in the words of the statute. (*State ex rel. Milsted* v. *Butte City Water Co.*, 18 Mont. 199, 56 Am. St. Rep. 574, 32 L. R. A. 697, 44 Pac. 966; *Rossiter* v. *Loeber*, 18 Mont. 372, 45 Pac. 560; *Pengelly* v. *Peeler*, 39 Mont. 26, 101 Pac. 147.) Therefore, the complaint's allegation of the sale and transfer of the notes not being denied, it stands admitted. The answer denies the allegations of "paragraph eight" of the complaint but, as shown by the record, there is no paragraph eight in the complaint. Therefore, all of the allegations of the complaint stand admitted.

The complaint, in its entirety, being admitted, further answering, the answering defendant alleges that, at the time

and place of the execution of the notes, he and his wife, to secure payment of the notes, executed and delivered to the Farm Mortgage Loan and Trust Company, payee of the notes, their certain first mortgage, in writing, whereby they mortgaged to that company 161 acres of land, described, situate in Burke County, North Dakota; that the mortgage was duly acknowledged, so as to entitle it to be recorded in that county, and it was recorded there; that thereafter defendant and his wife sold the land, with the provision that the purchaser assume the mortgage and pay the notes secured by it; that plaintiff has not exhausted such security; that no demand or presentment for payment by the answering defendant of the notes has been made and he has not waived demand and presentment.

The answer of C. P. Hulbert, as administrator, is exactly the same as that of C. P. Hulbert, individual, except that, at its close the answer of the administrator alleges that, in the lifetime of the wife, there was no demand upon her for payment of the notes nor presentment thereof to her for payment and it admits the presentation to the administrator of a claim, based upon the notes, and its rejection.

Plaintiff interposed to each answer a general demurrer to the effect that it did not state facts sufficient to constitute a defense.

Each demurrer was overruled and to each answer plaintiff filed a reply, in each of which he admits the execution of the mortgage and that he has not foreclosed it and sets forth that the security given by the mortgage has disappeared, ceased to exist and become lost and valueless, because, as alleged, the mortgaged land, after having been mortgaged, was sold, according to law, for delinquent taxes, and, at tax sale, was bid in and bought by the county in which it is situate and thereafter the county sold it to one Soren Helde and, in turn, he, as plaintiff, instituted a suit to quiet his title to the land, in which the plaintiff herein and others were made defendants, and the plaintiff in that suit obtained a

judgment, quieting in and to him title to the land and adjudging and decreeing that none of the defendants therein had any estate or interest in the land or lien or encumbrance thereupon.

Issues being formed, the action was tried to the court. Evidence was introduced by each, plaintiff and defendants. The case was submitted to the court and the court rendered its judgment for defendants, ordering the action dismissed and awarding costs to defendants.

Plaintiff appealed from the judgment and assigns two specifications of error: (1) That the court erred in overruling plaintiff's demurrers to the answers; (2) that the court erred in its judgment, dismissing the action. As the second specification goes to the heart of the merits of the matter, we take it up first. That involves a review of the entire record.

Defendants having admitted the execution and assignment of the notes and that the notes were unpaid and having pleaded the execution of the mortgage and plaintiff, by his replies, having admitted the execution of the mortgage and alleged that it had become valueless, there was nothing upon which to go to trial except the allegations of plaintiff's replies, deemed denied, and, nothing to prove except plaintiff's allegations of the loss of his security by reason of the value of the mortgage having become naught. The burden of proving that, of course, was upon him.

The evidence adduced is scant nor was there need for much. Plaintiff testified by deposition; by his testimony he identified the notes, the mortgage and an assignment to him of the notes and the mortgage and, in connection with his deposition, all of those instruments, attached to his deposition, were offered and admitted in evidence. There was offered and admitted in evidence, in behalf of plaintiff, a certified copy of the judgment-roll in a certain suit in The District Court of The Fifth Judicial District of The State of North Dakota, in and for The County of Burke, entitled

Soren Helde, plaintiff, *vs.* John Jacobson, Ina B. Hulbert, C. P. Hulbert, James Quickenden, H. F. Ford; Farm Mortgage Loan and Trust Company, a corporation; All Persons unknown, having or claiming an estate or interest in or lien or encumbrance upon the property described in the complaint; defendants. The copy of the judgment-roll contains copies of complaint, summons (served personally on one defendant), publication of summons, findings of fact, conclusions of law, judgment and all of the papers usual and required by law, in this state, for service of summons by publication and the making up of a judgment-roll.

The judgment-roll of which the copy is evidence purports to be the judgment-roll in a suit to quiet title in the plaintiff therein in and to the same land described in the mortgage herein involved. The judgment therein, as shown by the copy of the judgment-roll, quiets and confirms title in the plaintiff in the suit in and to the land therein and herein involved, describing it, and decrees that all claims of the defendants therein and each of them in and to the land are null and void and that none of the defendants have any estate or interest in or lien or encumbrance upon the land and they are and each of them is forever enjoined from asserting any.

The findings of fact set forth in the copy of the judgment-roll recite that the land in question became the property of Burke County, in the State of North Dakota, in which the land is situate, on account of non-payment of taxes duly levied and assessed against it, for certain years, which became delinquent, and that thereafter Burke County, through its officials, naming them, sold the land to Soren Helde; and there appear all other findings of fact necessary to support the judgment; and appropriate conclusions of law, set forth, including one to the effect that all of the proceedings of Burke County in connection with the tax proceedings were regular and according to law, were drawn and declared. The findings of fact set forth may be taken as evidence of the facts therein recited. According to the copy of the judgment-

roll, the judgment therein set forth purports to have been rendered June 15, 1927. The judgment in the action before us, upon appeal, was rendered May 22, 1928.

Defendant C. P. Hulbert testified that plaintiff had never made demand upon him for payment of the notes; that a claim therefor was filed against the estate (of his deceased wife, presumably but not so stated) and rejected. With that, the evidence was declared closed.

By the pleadings and the evidence, it is established that the notes were executed and assigned to plaintiff and by him held and that the mortgage was executed and assigned to plaintiff. The only question that was to be decided by the trial court was if the copy of the judgment-roll admitted in evidence established the allegation of plaintiff's replies that the mortgage had become lost and valueless. From the record it is disclosed that the sole ground upon which the court rendered judgment for defendants was the ground, announced by the court, that there was no proof that the judgment set forth in the copy of the judgment-roll was "according to the laws of North Dakota." The ground assigned for rendering a judgment is immaterial, if there be disclosed by the record any valid ground for it (*Ebaugh* v. *Burns,* 65 Mont. 15, 210 Pac. 892) but consideration of the record before us not only convinces us that the ground announced by the trial court was without justification but we fail to find any ground for rendition of its judgment.

The copy of the judgment-roll is in evidence and is before us. True, it was admitted over objection of counsel for defendants but there is no cross-assignment of error, assigning as error the ruling of the trial court in admitting it. Therefore, there is not before us anything to enable us to review the ruling of the court in admitting in evidence the copy of the judgment-roll. It was admitted and, the presumption is, properly. It is in the record and must be considered.

A certified copy of a judicial record of a sister state ██ as proof of the original, may be admitted in evidence in the courts of this state. (Sec. 10555, Rev. Codes, 1921.) The effect of a judicial record of a sister state, when proven, is the same in this state as in the state where it was made, except when it comes to the enforcement of it in this state (sec. 10563, Rev. Codes, 1921) and there is involved here no question of enforcement in this state. The only questions involved are those as to the existence of the judgment and the judgment-roll and their effect in North Dakota. Having been proven, as provided by law, to exist, as to their effect in that state, in the absence of any showing to the contrary (none here), the presumption is that the law of another state (here, North Dakota), upon a matter, is the same as is the law of Montana. (10 R. C. L. 890; *State ex rel. Rankin* v. *American Bank & Trust Co.*, 76 Mont. 445, 247 Pac. 336.) That being so, the judgment-roll in question certainly renders null, void and valueless, in both North Dakota and Montana, the mortgage pleaded by defendants (sec. 10558, Rev. Codes, 1921) and leaves plaintiff without any mortgage and without security for payment of the notes herein involved. Moreover, the judgment in question is presumed to be regular in the way of all things upon which it is based and within jurisdiction. (Secs. 10558, 10563, 10606, Rev. Codes, 1921.)

Article IV of the Constitution of the United States provides that full faith and credit shall be given in each state to the records and judicial proceedings of every other state. Here we have proof of a judgment of another state, North Dakota, respecting rights in the premises under consideration. Full faith and credit must be given it. It is to be accepted for what it purports to be and do.

When a mortgage has become valueless as security, without ██ fault of the mortgagee, the holder is without security and free to sue on the note or notes once secured by mortgage. (*Harri* v. *Farmers' Co-operative Co.*, 69 Mont. 149, 223 Pac. 109; *Dyer Law & Collection Co.* v. *Abbott*, 52 Cal. App. 545,

199 Pac. 340.) It is so in the case at bar. The fact that the mortgagors or their vendee permitted the land to be sold for taxes and that the ultimate purchaser obtained a decree quieting title in him we do not consider to be the fault of the mortgagee or its assignee, especially when there is no proof that the mortgagee or its assignee had knowledge of the delinquency of taxes. Under the mortgage in question, it was the duty of the mortgagors to keep paid the taxes on the mortgaged land or see that it was done. (1 Jones on Mortgages, 7th ed., 89.) The mortgage says, "the parties of the first part [the mortgagors] hereby covenant and agree with the party of the second part [the mortgagee] * * * to pay all taxes, assessments and charges of every character which may become a lien on said real estate." They did not do it. In violation of their covenant, they let the property become lost for non-payment of taxes. It was their fault and they must suffer the consequences. The judgment-roll, proven by certified copy admitted in evidence, establishes all of the allegations of plaintiff's replies as to the sale of the land for delinquent taxes and ultimate acquirement thereof by Soren Helde, who obtained decree quieting title in him.

As to the allegations of the answers that no demand had been made upon Defendant C. P. Hulbert or his wife, in her lifetime, or presentment, to either, for payment of the notes, they do not constitute a defense. Defendant C. P. Hulbert and his wife were the makers of the notes. In this state no demand of or presentment to a maker of a note is necessary before action upon it against the maker. (Sec. 8477, Rev. Codes, 1921.)

We hold that the trial court erred in rendering its judgment. Judgment for plaintiff should have been rendered; the pleadings and the evidence justified and required it. Having arrived at that conclusion, it is not necessary now to consider the first specification of error assigned.

It appears that all of the evidence which could have been introduced or which was necessary or material was

introduced and admitted and is before us. Therefore, for the reasons herein given, the judgment is reversed and the cause remanded, with direction to the district court to render judgment for plaintiff, for the amount found to be due, at date of judgment, as principal and interest, on the notes sued upon.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and GALEN concur.