RICHARDSON, Respondent, *v.* LLOYD et al., Appellants.

(No. 6,753.)

(Submitted April 16, 1931.   Decided June 2, 1931.)

[300 Pac. 254.]

128

*Mr. W. S. Towner* and *Mr. C. R. Stranahan*, for Appellants, submitted an original and a reply brief; *Mr. Stranahan* argued the cause orally.

*Mr. H. S. Kline*, for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendants from a judgment in favor of plaintiff on a promissory note in the sum of $1,000, with interest and attorney's fees.

The complaint is in the usual form, from which it appears that the note was made to the St. Paul Trust & Savings Bank, and by it sold to plaintiff before maturity. The answer, so far as material here, alleges that the note is secured by a real estate mortgage executed contemporaneously with the note; that the real estate included in the mortgage is of the reasonable value of $2,000, and is unimpaired, except that delinquent taxes against the property amount to about $600. Anticipat-

ing plaintiff's claim that the security has become valueless through no fault of plaintiff or his predecessor in interest, it is alleged by the answer that a tax deed has been issued to Chouteau county covering the mortgaged property, but that the tax deed is void for a number of reasons specifically set forth in the answer. It is alleged that the mortgage has not been foreclosed, and for that reason the action on the note should be abated. The reply admits that the mortgage was executed as alleged in the answer, and that it has not been foreclosed. It affirmatively avers that the mortgage security has become valueless, and that the lien has been lost, without the fault of plaintiff, because of the issuance of the tax deed on August 23, 1926, and the sale of the property by Chouteau county on December 15, 1927, to John Silha. The evidence, aside from the value of the real estate covered by the mortgage, is wholly documentary.

The question presented by the appeal is whether this is a proper case to justify the plaintiff in maintaining the action on the note without foreclosing the mortgage, since it is conceded that a mortgage was given to secure the payment of the note.

Section 9467, Revised Codes 1921, provides that "there is ██ but one action for the recovery of debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter." It must be noted that notwithstanding this statute, where the pleadings do not disclose that plaintiff has security for his indebtedness, a personal action may be maintained. (*Coburn* v. *Coburn*, 89 Mont. 386, 298 Pac. 349; *Vande Veegaete* v. *Vande Veegaete*, 75 Mont. 52, 243 Pac. 1082.) Also, where the pleadings disclose that the mortgage security has become valueless, without the act of the mortgagee or his assignees, a personal action may be maintained against the mortgagor. (*Brophy* v. *Downey*, 26 Mont. 252, 67 Pac. 312; *State Sav. Bank* v. *Albertson*, 39 Mont. 414, 102 Pac. 692; *Vande Veegaete* v. *Vande Veegaete*, supra; *Quickenden* v. *Hulbert*, 83 Mont. 501, 272 Pac. 994, 998; *Barth* v. *Ely*, 85

Mont. 310, 278 Pac. 1002.) This rule is the result of applying a portion of the statute relating to attachments to foreclosure actions, as explained in *Barth* v. *Ely*, supra.

Further consideration of the question convinces us that, while the correct conclusion was reached in the foregoing cases, they do not correctly announce the applicable rule. In so far as they declare that, when the mortgaged property has been lost or destroyed, and hence has become valueless, the creditor is then without security, and is free to maintain a personal action they are correct. But the right to maintain a personal action in such cases is not, and cannot necessarily be, affected by the fact, as implied in those cases, that the security was lost because of the fault of the mortgagee. In so far as those cases imply that the mortgagee's right to maintain a personal action in all cases is dependent upon the fact that the security was lost *without fault of the mortgagee,* they are erroneous. The following illustration will suffice to demonstrate that this is so. A gives to B his promissory note in the sum of $1,000, secured by a mortgage on personal property worth $300. The mortgaged property is destroyed through the fault of the mortgagee. B cannot foreclose his mortgage because he has no security. Since the security was lost through his fault, if the implication to be drawn from the language used in the cases cited is correct, he cannot maintain a personal action. He is thus without remedy to enforce any part of the obligation. This cannot be so in such a case.

But, so far as this case is concerned, we have no hesitancy in holding that, if plaintiff's security has been lost, it was without fault of the mortgagee or its assignee, the plaintiff.

Under the terms of the mortgage, the mortgagors agreed "to pay all taxes and assessments on said land and premises when due each year." The mortgage also provided that, "in case of failure of said mortgagors to pay said taxes, * * * said mortgagee is hereby authorized and empowered to pay said taxes, * * * and to tack, impress, and add any such amount to the amount of original debt hereby secured."

In *Quickenden* v. *Hulbert,* supra, this court, speaking through Mr. Justice Myers, said: "The fact that the mortgagors or their vendee permitted the land to be sold for taxes, and that the ultimate purchaser obtained a decree quieting title in him, we do not consider to be the fault of the mortgagee or its assignee, especially when there is no proof that the mortgagee or its assignee had knowledge of the delinquency of taxes. Under the mortgage in question, it was the duty of the mortgagors to keep paid the taxes on the mortgaged land, or see that it was done. * * * They did not do it. In violation of their covenant, they let the property become lost for non-payment of taxes. It was their fault, and they must suffer the consequences."

And so in this case, if the mortgage security was rendered valueless by reason of the tax deed, the fault was that of the mortgagors whose duty it was to pay the taxes, and was not due to any act of plaintiff or his predecessor in interest. The holder of the note and mortgage had the right to pay the taxes, but was not obligated to do so. The loss of the security through tax sale, if in fact it was lost, was the fault of the mortgagors. Their failure to discharge their contractual obligation, and not plaintiff's failure to exercise the right or option given him by the mortgage, was the cause of the tax sale.

This brings us to the question whether the security has in fact been lost or rendered valueless to the holder of the note. Defendants assert that the tax deed is invalid, for the reason that proper notice of application for the tax deed was not made for several reasons, specifically pointed out, and that the affidavit of service of the notice of application for the deed was defective in enumerated particulars.

There is nothing on the face of the tax deed suggesting any of the infirmities relied upon by defendants. On its face it is regular in every respect, and shows that the property was struck off to the county after an unsuccessful attempt to sell it for delinquent taxes assessed for the year 1921. In conformity with section 2213, Revised Codes 1921, it recites that "no redemption from said sale has been made, and the

said grantee has given the necessary notice of application for tax deed as required by law." Furthermore, section 2213, supra, provides that a tax deed executed in the form prescribed by that section is prima facie evidence that the property was not redeemed, "and that the proper notice of application for deed has been served or posted as required by law."

In the case of *Horsky* v. *McKennan*, 53 Mont. 50, 162 Pac. 376, relied upon by defendants, it was held that a tax deed is not prima facie evidence that proper notice of application for the deed had been given. But that case was governed by section 2653, Revised Codes of 1907, which did not contain the language quoted above from section 2213. The legislature by Chapter 103, Laws of 1919, amended section 2653, and, as amended it is now section 2213, Revised Codes of 1921. This amendment was for the evident purpose of changing the rule announced in the *Horsky Case*.

The tax deed being prima facie evidence that proper notice of application for the deed has been served or posted as required by law, the question then arises whether the prima facie case thus made may be controverted by the mortgagors in this proceeding.

A tax deed operates to divest the original owner of his title to ██ the land. (Sec. 2215, Rev. Codes 1921.) Though subsequent in time, it is paramount in right over the title of the mortgagors, and extinguishes all former titles. (*State ex rel. City of Great Falls* v. *Jeffries,* 83 Mont. 111, 270 Pac. 638.)

The general rule is that a tax title cannot be assailed collaterally, but must be attacked, if at all, in a direct action. (37 Cyc. 1490, note 84; 4 Cooley on Taxation, 4th ed., sec. 1408; *West* v. *Negrotto,* 52 La. Ann. 381, 27 South. 75; *State Mortgage Corp.* v. *Traylor,* (Tex. Civ. App.) 32 S. W. (2d) 887.) Defendants, conceding that this rule is proper where the tax title was accomplished through a judgment, contend that it does not apply in this state where the courts are not resorted to in obtaining a tax title. This contention cannot be sustained. While the legislature may summon the aid of the courts in collecting taxes (*State* v. *Silver Bow Ref. Co.,* 83

Mont. 380, 272 Pac. 684), and may provide for the tax sale under decree of court (37 Cyc. 1303), it need not do so. A tax title resulting by our statutory method has the same effect in this state as though accomplished through the judgment or decree of a court, and, when regular on its face, as here, is not subject to collateral attack. The attempt in this proceeding to assert the invalidity of the tax deed is a collateral attack on the deed. The parties interested in upholding the tax deed are not parties to this action. If defendants can show that the tax deed is invalid, they must do so in a direct proceeding for that purpose. While plaintiff, as holder of the mortgage, had the right to attack the tax deed in a direct proceeding for that purpose (*Harrington* v. *McLean,* 70 Mont. 51, 223 Pac. 912), we think it was not incumbent upon him to do so before proceeding against the mortgagors personally. So far as the rights of the plaintiff against the mortgagors are concerned, prima facie he has lost the security through the fault of the mortgagors. The mortgagors cannot force plaintiff to embark upon litigation seeking to establish the invalidity of the tax deed. This must be done by the mortgagors if they would contend that in fact their title has not been divested by the tax deed because of its invalidity.

The court properly entered judgment for plaintiff, and it is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.

Rehearing denied July 6, 1931.