CASCADE COUNTY, Appellant, *v*. WEAVER et al., Respondents.

(No. 7,808.)

(Submitted January 16, 1939.  Decided February 4, 1939.)

[90 Pac. (2d) 164.]

(1)

2

*Mr. Phil. G. Greenan,* County Attorney of Cascade County, and *Mr. J. B. Gergen,* for Appellant, submitted a brief; *Mr. Gergen* argued the cause orally.

*Mr. Paul J. Murphy,* City Attorney, for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This action was instituted by Cascade county against Helen Weaver and the city of Great Falls, and others unknown, for the purpose of quieting title to a certain lot acquired by the county by virtue of a tax deed proceeding. The lot lies within the city of Great Falls. The city set up in its answer that the lot lies within a special improvement district created on August 19, 1929; that on September 2, 1930, after improvements were constructed, a special improvement assessment was levied against a portion of the lot here in question; that the assessment was payable in installments; that two of the installments were payable after the date of the tax· deed on which the county bases its title, and the city asserted a lien on a portion of the property upon which the special improvement was levied for the two payments falling due after the date of the issuance of the tax deed.

After the filing of the answer of the city, upon application of the county, an order to show cause was issued ordering the city to deposit the sum of $526.04, or show cause why such deposit should not be made, in accordance with section 2214, Revised Codes of 1935. Upon the hearing the order to show cause was vacated. After trial a judgment and decree was entered quieting title to the lot in the county, subject to the lien of the city for the two special improvement assessments above referred to. The matter comes here on appeal by the county from the judgment of the lower court.

From the assignments of error and the record it appears that two principal questions are before the court on this appeal.

4

The first is as to whether the city of Great Falls is required to .deposit the sums prescribed in section 2214, supra. The deposit required by this section is in the nature of security. (*State ex rel. Souders* v. *District Court,* 92 Mont. 272, 12 Pac. (2d) 852.) The language of section 9829, Revised Codes, that municipalities are exempt from the provisions of any statute requiring parties in civil suits to post security, is controlling here, and the lower court properly vacated its order to show cause requiring the deposit.

The second and more important question raised is as to the effect of the tax deed on the lien of special improvement assessments payable after the issuance of the tax deed. The deed in this instance was issued pursuant to notice under sections 2209 to 2214, Revised Codes. Section 2215 of the Revised Codes of 1921, as amended by section 2 of Chapter 85, Laws of 1927, defines the title conveyed by a tax deed. It is the position of the city that section 2215, Revised Codes 1921, was amended by section 9, Chapter 100 of the Laws of 1929. The pertinent parts of section 2215, Revised Codes of 1921, which now appears, as amended by section 2, Chapter 85, Laws of 1927, as section 2215, Revised Codes provide: "*Title conveyed by deed—procedure to cure defects.* All deeds heretofore or hereafter executed more than three years after any tax sale shall be deemed to convey to the grantee the absolute title to the lands described therein as of the date of the expiration of three years following the date of sale, including all the right, title, interest, estate, lien, claim and demand of the state of Montana, and of the county, in and to said real estate, and including the right, if said tax deed or tax sale, or any of the tax proceedings upon which said deed may be based, shall be attacked and held irregular or void, to recover the unpaid taxes, interest and penalties which would accrue if said tax proceedings had been regular and it was desired to redeem said property, free of all incumbrances, except the lien for taxes which may have attached subsequent to the sale."

If this section were not amended by Chapter 100, Laws of 1929, now appearing in the Revised Codes of 1935, as amended

by Chapter 176, Laws of 1933, as section 2215.1, through section 2215.9 the lien of the assessments in question was wiped out by the tax deed. Chapter 100, supra, provided for the securing of a tax deed by suit in the first eight sections. Section 9 of this latter Chapter defines the effect of a tax deed. It reads: "The deed hereafter issued under this or any other law of this state shall convey to the grantee the absolute title to the lands described therein as of the date of the expiration of the period for redemption, free of all encumbrances and clear of any and all claims of said defendants to said action except the lien for taxes which may have attached subsequent to the sale and the lien of any special or local improvement assessments levied against the property payable after the execution of said deed, and except when the land is owned by the United States or this state, in which case it is prima facie evidence of the right of possession accrued as of the date of expiration of such period for redemption."

It is the contention of the county that this subdivision refers only to a tax deed issued after suit as provided in Chapter 100, supra, and does not define the quantum of title conveyed by tax deed issued under section 2209, Revised Codes, and following sections. The city takes the position that section 9 of Chapter 100, supra, applies to a tax deed no matter how issued. Under the appellant county's view of the case, a tax deed issued pursuant to section 2209 conveys to the grantee title free and clear of all encumbrances except taxes levied after issuance of the deed; while, if the tax deed is issued pursuant to Chapter 100, then the deed is issued subject to the lien of special improvement taxes payable after the issuance of the tax deed. The effect of this position would be to allow the applicant for tax deed to elect, by the manner in which he applied for tax deed, whether or not to take subject to the lien of the special improvemeent assessments payable after the issuance of the tax deed.

An examination of section 9 of Chapter 100, Laws of 1929, now appearing as section 2215.9, Revised Codes of 1935, reveals that the first line of the section in question specifically states

that: "The deed hereafter issued under this *or any other law of this state,*" shall pass title free and clear of all liens, etc., except the lien for the taxes attaching subsequent to the sale, and the lien of any special or local improvement taxes levied against the property payable after the execution of the deed. The plain wording of the statute then would indicate that it was the legislative intent to amend section 2215, Revised Codes by this section and to limit the title conveyed by tax deed, under any method provided by the statutes, so as to preserve the lien of these special assessments payable after the execution of the deed. An examination of the history of this section and of Chapter 100 would seem to bear out this interpretation.

For many years there has been litigation in this and other courts of this state, and of other states, as to the effect of the issuance of a tax deed on the lien of special and local improvement assessments, the effect of the tax deed on the lien of bonds issued by irrigation districts, and the effect of the tax deed on the lien of bonds issued by drainage districts. In the case of *State ex rel. City of Great Falls* v. *Jeffries,* 83 Mont. 111, 270 Pac. 638, the question of the effect of the tax deed on the lien of special improvement levies was decided. The court held that such assessments were not taxes within the provisions of section 2215, Revised Codes of 1921, which provided that the tax deed conveys to the grantee the absolute title "free of all incumbrances, except the lien for taxes which may have attached subsequent to the sale." The decision in that case was handed down in 1928. Chapter 100, supra, was enacted in the 1929 session of the legislature, within six months of the Jeffries decision. The bill as it was originally presented to the legislature called for the repeal of the sections of the Code—section 2209 et seq., Revised Codes of 1921, providing for the issuance of tax deeds by notice and the substitution of a proceeding calling for issuance of a tax deed only by suit as in the bill provided. The bill also contained the usual repealing clause. In the House it was amended by the elimination of the repealing clauses and by the substitution of the words "in addition to all other methods now provided by

statute," in order to make it an additional and not an exclusive method of securing tax deeds. As it was passed by the House, the bill did not contain the provisions now contained in section 9. When it reached the Senate, the committee on revenue and taxation inserted section 9 and reported the bill to the Senate with the recommendation that it do pass. The Senate judiciary committee in its report on the bill inserted in the first line of the section the following: "Hereafter issued under this or any other law of this state." As so amended the bill was passed by the Senate and was sent back to the House. The House concurred in the amended bill containing section 9 and the additional words above mentioned.

Since the bill did not contain the usual repealing clauses for the reasons mentioned, it would appear that in order to prevent confusion in the application of section 9 the legislature did all it could when it specifically provided that "the deed hereafter issued under this or any other law of this state" to make its intention to amend section 2215 as clear as words could do. It is difficult to conceive of more apt language to make plain the legislative intention that section 9 should apply to all tax deeds, no matter how acquired.

In addition to this, in view of the fact that section 9 was passed shortly after the decision in the *Jeffries Case,* it would seem that there could be no doubt that the legislature by its action had in mind the language of that case and particularly "this rule" holding special improvement assessments not to be taxes, "may operate harshly against the municipalities of the state, where assessments for local improvements are made payable in installments through a long series of years, but, if so, the remedy lies with the legislature, and not with this court." (*State ex rel. City of Great Falls* v. *Jeffries,* supra, 270 Pac. 641.)

This court has since the enactment of Chapter 100 assumed in a number of cases that section 2215, Revised Codes 1921, was amended by section 9, Chapter 100, Laws of 1929. It is true that in all of these decisions the question was not necessary to the determination of the particular case, but the statements

in these decisions as to the effect of that section on section 2215 carry weight as showing the clarity with which the legislature expressed its intention to amend that section.

In *State ex rel. Malott* v. *Board of County Commrs.*, 89 Mont. 37, 296 Pac. 1, this court speaking through the Honorable Frank P. Leiper, district judge sitting in place of Mr. Justice Angstman, disqualified, in a scholarly and exhaustive discussion of the lien of irrigation district bonds, said: "Section 2215 was amended by section 2 of Chapter 85, of the Laws of 1927, and again amended by section 9 of Chapter 100, Laws of 1929, but neither amendment changes the provisions of the statute in so far as irrigation district assessments are concerned. The last amendment excepted from the provisions of the statute local improvement assessments falling due after the execution of the tax deed, and applies only to certain assessments within special improvement districts in cities and towns."

Again, in *State ex rel. Costello* v. *District Court*, 86 Mont. 387, 395, 284 Pac. 128, this court, by Mr. Justice Angstman, said: "Some of the provisions of the decree are in conflict with the holding in the *Jeffries Case*, as affected by Chapter 100 of the Laws of 1929. The judgment, in so far as it attempts to restrain the city treasurer from asserting liens for assessments [special improvement district assessments] levied in September and July, 1929, and payable after the execution of the tax deed to relator, conflicts with that chapter * * * and to that extent is void."

In *State ex rel. City of Billings* v. *Osten,* 91 Mont. 76, 5 Pac. (2d) 562, both parties assumed that the section amended section 2215 and the matter was tried and heard on that assumption, so that in that case counsel for both parties and the.court assumed without question that section 9 of Chapter 100, supra, did amend section 2215.

It is interesting to note that after the decisions in *State ex rel. Malott* v. *Board of County Commrs.,* supra, and *Rosebud Land & Improvement Co.* v. *Carterville Irr. Dist.,* 102 Mont. 465, 58 Pac. (2d) 765, the legislature amended section 2215.9, Revised Codes (Laws 1937, Chap. 63), by the inclusion of irrigation

and drainage district assessments payable after the execution of the tax deed, so that, as the section now reads, the lien of these assessments is preserved after the issuance of the deed as well as the special improvement assessments discussed in the instant case. The last two decisions applied the rule of the *Jeffries Case* and held the assessments, payable after the execution of the tax deed, for the retirement of bonds issued prior to the tax deed were not taxes within the meaning of section 2215 before amendment. It is apparent that the legislature assumed that section 2215 was amended by section 9 of Chapter 100, Laws of 1929, in amending section 2215.9 to include irrigation assessments.

In addition to what we have said above, it would appear that the construction placed on the effect of section 9 by the county would largely nullify the effect of Chapter 100, as it would appear obvious that applicants for tax deeds would always proceed under section 2209, since their title under this procedure would be clear of the encumbrance of the special improvement assessments payable after the issuance of the tax deed.

Some argument is presented by the appellant county that section 9 of Chapter 100, Laws of 1929, now appearing as section 2215.9, Revised Codes of 1935, and section 2215.7 of the same Codes are in conflict. Section 2215.7 provides that in an action brought to secure a tax deed by suit, the judgment shall recite that all defendants shall be forever barred from asserting any claim existing at the time of entry of judgment. It is not necessary to determine the question of a conflict between the sections here, since the tax deed in this instance was secured under section 2209 by notice, and not under section 2215.1 et seq.

Our attention is directed to Chapter 65, Laws of 1933, and Chapter 33, Laws of Extraordinary Session of 1933–34, as tending to show that the legislature's sole purpose in the enactment of section 2215.1 et seq. was to provide an additional method of securing a tax deed, and that it was not intended by section 9 to amend section 2215 in defining the quantum of the estate conveyed by the tax deed. For the reasons set out above,

we are of the opinion that the legislative intent was clearly expressed, and these chapters are not persuasive of any other view.

Some reference is made by appellant to section 13, Article XV ▮ of the state Constitution. The portion of that constitutional provision which counsel for appellant apparently have in mind provides that the legislative assembly shall pass no law imposing on the people of any county a new liability in respect to transactions or considerations already passed. From the facts it appears that the special improvement district in question was not created until after the enactment of Chapter 100, Laws of 1929, and the levy of the assessments to pay for the improvements was not made until 1932. So far as the facts here are concerned, then, it would seem clear that the application of Chapter 100 is not retroactive but prospective. (*State ex rel. City of Billings* v. *Osten,* supra.)

It must be understood that what we have said would not apply to improvements made or obligations incurred prior to the enactment of Chapter 100, supra; but we specifically limit what we have said above in connection with the constitutional provision, to those cases where the improvements were made and the obligations incurred after the enactment of Chapter 100.

In the absence of a contrary provision, it is well settled that ▮ the lien of general taxes is superior to the lien of special assessments, as this court has held in a number of cases cited herein. (*State ex rel. City of Great Falls* v. *Jeffries,* supra; *State ex rel. Malott* v. *Board of County Commrs.,* supra; *Rosebud Land & Improvement Co.* v. *Carterville Irr. Dist.,* supra.) However, it is equally well settled that the legislature has full power to waive the priority of the lien of general taxes or to postpone it to the lien of special assessments, such as the assessments in this matter. (*State ex rel. Malott* v. *Board of County Commrs.,* supra; *State ex rel. City of Great Falls* v. *Jeffries,* supra; *Robinson* v. *Hanson,* 75 Utah, 30, 282 Pac. 782.)

The appellant urges that the defense of the city here is a ▮ collateral attack upon the tax deed, citing *Richardson* v. *Lloyd,* 90 Mont. 127, 300 Pac. 254. In that case this court held

that a tax title acquired under section 2209 and following sections has the same effect as though accomplished by a decree of court, and the rule against collateral attack is the same as in the case of attacks on judgments. In this case, however, there is no attack on the tax deed itself. No attempt is made by the city in its defense to set aside the tax deed issued or to have it declared invalid. The defense here rather raises the question of the interpretation to be given the tax deed. No relief is sought against the tax deed itself, and the language found in 34 C. J., section 827, page 522, is apt: "Where no relief is sought against the judgment, as for instance, where the proceeding is for the purpose of construing the judgment, or determining its nature, there is no infraction of the rule against collateral attack." (*Koen* v. *Ft. Bent Ditch Co.*, 67 Colo. 34, 185 Pac. 653; *Downs* v. *American Surety Co.*, 32 Minn. 201, 156 N. W. 5.)

Judgment affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, STEWART and ANGSTMAN concur.

Rehearing denied May 18, 1939.